### DOMAN ET AL. *v.* BEDUNNAH.

PLEADING.—*Action for False Return by Sheriff.— Widow.—Decedents' Estates. —Motion in Arrest.—Motion to Make more Certain.—Practice.*—Complaint by the widow of a testator, against a sheriff and his deputy, alleging that such deputy had collected a certain sum of money, which by law belonged to her as widow, on an execution against a third person in favor of the executor of her husband's estate, and that such deputy, having fraudulently forged her name to a pretended receipt on such execution for such money, had unlawfully returned such execution to the clerk's office without having paid her such money.

*Held,* on motion in arrest of judgment, that the complaint is sufficient after verdict.

*Held,* also, that, to have reached defects in the complaint, as to the averments of ownership, a motion to cause it to be made more certain should have been made before issue was joined.

From the Dearborn Circuit Court.

*F. Adkinson* and *G. M. Roberts,* for appellants.

*H. D. McMullen,* for appellee.

PERKINS, C. J.—Cynthia A. Bedunnah, the appellee, sued Frank R. Doman and James D. English, appellants, upon the following complaint:

"The plaintiff, Cynthia A. Bedunnah, complains of Frank R. Doman and James D. English, and says, that heretofore, to wit, on the 20th day of July, 1871, said Doman was the sheriff of Dearborn county, Indiana, and that said English was his deputy, and that on the 21st day of July, 1871, there was issued out of the clerk's office of the Dearborn Common Pleas Court, an execution against Ira Kimball, Levin Pritchard and Ralph Smith,

trustees, etc., and in favor of Joseph W. Bedunnah, executor of the will of Ebenezer Bedunnah, deceased; and that said execution was delivered to said defendant Doman, and by him delivered to said defendant English, as his deputy; and that said defendants collected on said execution the sum of ninety-nine dollars and sixty-six cents, and on the 1st day of November, 1872, returned said execution to said clerk's office, with a pretended receipt of this plaintiff for said sum of money; and the plaintiff says, that she is the widow of said Ebenezer Bedunnah, and entitled by law to receive said money so collected, and that she has at no time received the same, or any part thereof, nor executed a receipt therefor; wherefore she prays judgment for one hundred and fifty dollars," etc.

The defendants answered the general denial and payment. Reply in denial of payment.

Trial by jury; verdict for the plaintiff; motion for a new trial overruled, as was a motion in arrest of judgment; and there was final judgment upon the verdict.

Appeal to this court.

The evidence is not in the record.

The ground of the motion in arrest was, that the complaint contained no cause of action in favor of the plaintiff; and the overruling of that motion is assigned for error here.

If a motion to make the complaint more certain had been made, it should have been sustained.

But no objection to the complaint was taken, nor was a demurrer interposed to it; and the question is, is the complaint good after verdict? It alleges that the money which the plaintiff seeks to recover was originally due to the estate of Ebenezer Bedunnah; that she is the widow of said Ebenezer, and is entitled to the money; that the defendants have received it, and, in effect, admitted that it belongs to the plaintiff, oy fabricating a receipt acknowledging its payment to her by the defendants. The

money might belong to the plaintiff. She avers that it does, but does not state the facts out of which her right arises. We think, after verdict, the facts stated, presumptively showing the admission of her title by the defendants, make the complaint sufficient on motion in arrest.

Judgment affirmed, with costs.